UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HILLCREST INVESTMENTS, LTD., et al.,<br>    Plaintiffs,<br>v.<br>AMERICAN BORATE COMPANY, et al.,<br>    Defendants. | Case No. 2:21-cv-00964-RFB-NJK<br>**ORDER**<br>[Docket No. 31] |

Pending before the Court is Defendants' motion to stay discovery.[1] Docket No. 31. Defendants ask the Court to stay discovery until their pending motions to dismiss are resolved. *Id.* at 2; *see also* Docket Nos. 5, 7, 17 (motions to dismiss). No response was filed, and the time to do so has now passed. *See* Docket. The motion is properly resolved without a hearing. *See* LR 78-1.

The Court has broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. P. 1 to ensure a just, speedy, and inexpensive determination of every action. *Tradebay*, 278 F.R.D. at 602–03. The case law in this District makes clear that a stay of discovery is appropriate when: (1) the pending motion is potentially dispositive in nature and scope; (2) the potentially dispositive motion can be decided without

---

[1] Defendant Ramm Corporation has not appeared in this case, *see* Docket, and, therefore, did not join Defendants in filing the instant motion.

1

additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[2]

The failure to respond to a motion "constitutes a consent to the granting of the motion." LR 7-2(d). In addition, the Court has addressed the merits of Defendants' motion, and finds that a stay of discovery is appropriate in this case.

Accordingly, Defendants' motion to stay discovery, Docket No. 31, is hereby **GRANTED**.[3]  In the event resolution of Defendants' motions to dismiss do not result in termination of this case, the parties must file a joint proposed discovery plan no later than seven days after the entry of the order(s) resolving the motions to dismiss.

IT IS SO ORDERED.

Dated: August 5, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Conducting the "preliminary peek" puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the motion to dismiss and subsequent briefing.

[3] The stay of discovery applies only to Plaintiffs and the defendants who filed the instant motion.