UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HILLCREST INVESTMENTS. LTD., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN BORATE COMPANY, *et al.*, <br><br> Defendants. | Case No. 2:21-cv-00964-RFB-NJK <br><br> **ORDER** |

**I.   INTRODUCTION**

Before the Court is  Byron E. Thomas, Esq. for Plaintiff Amergosa Enterprise, LLC's Motion to Withdraw as Attorney. ECF No. 91. For the foregoing reasons, Plaintiff Amergosa's counsel's motion is granted.

**II.   BACKGROUND**

Plaintiffs filed a Complaint in the Fifth Judicial District Nye County on December 20, 2020. ECF No. 1-1. The federal defendants removed this action on May 19, 2021. ECF No. 1. The Nevada State defendants (State Engineer, Nevada Department of Conservation and Natural Resources, Division of Water Resources) filed a motion to dismiss on May 26, 2021. ECF No. 5. Plaintiffs responded on June 14, 2021. ECF No. 12. Defendants replied on June 21, 2021. ECF No. 15.

The American Borate Defendants (American Borate Co., American Borate Co. of Texas) filed a motion to dismiss on June 4, 2021. ECF No. 7. Plaintiffs responded on July 1, 2021. ECF No. 22. Defendants replied on July 7, 2021. ECF No. 25. The federal defendants (NPS, US Fish and Wildlife Service) filed a motion to dismiss on June 21, 2021. ECF No. 17. Plaintiffs responded on July 28, 2021. ECF No. 37. Defendants replied on August 13, 2021. ECF No. 42.

On March 17, 2022, the Court dismissed Plaintiffs' claims against all defendants but gave Plaintiffs until May 16, 2022 to file a motion for reconsideration, or the case would be dismissed with prejudice and closed. ECF No. 48.

On May 16, 2022, Plaintiffs, through their attorney Byron Thomas, Esq., filed a Motion to Reconsider Dismissal With Prejudice of the American Borate Defendant[s] ("Motion to Reconsider"). ECF No. 49. On May 31, 2022, the American Borate Defendants filed their opposition to the Motion to Reconsider. ECF No. 57. Between September 9, 2022 and January 18, 2023, Hillcrest—through Karen Hanks, Esq.—requested additional extensions of time to file an opposition to the Renewed Motion for Sanctions but not a reply in support of its Motion to Reconsider. ECF Nos. 84, 89, 93, 95. Amergosa—through Thomas—requested additional extensions of time to respond to the Renewed Motion for Sanctions and file a reply in support of its Motion to Reconsider. ECF Nos. 80, 85, 90, 98, 104.

In addition to their Motion to Reconsider, Plaintiffs filed a notice of appeal on May 16, 2022, which was docketed in the Ninth Circuit as Case No. 22-15751. ECF Nos. 50, 51. Thomas filed the appeal on Plaintiffs' behalf, and the appeal was dismissed on October 11, 2023 for failure to prosecute. See No. 22-15751.[1]

On September 2, 2022, Hillcrest substituted Hanks as counsel in Thomas's place. ECF Nos. 77, 82.

On October 14, 2022, Thomas filed the instant First Motion to Withdraw as Attorney for Amergosa. ECF No. 91. Amergosa filed no response.

On March 22, 2023, Hillcrest and the American Borate Defendants filed a Stipulation and Order for Dismissal with Prejudice. ECF No. 110. It provided the following: (1) Hillcrest's Motion for Reconsideration of Dismissal with Prejudice of the American Borate Defendants re Minutes of Proceedings (ECF No. 49) was withdrawn; (2) American Borate's Renewed Motion for Sanctions (ECF No. 64) was withdrawn as against Hillcrest and non-party Byron Thomas only, but it would remain pending against Amergosa who was not a party to the settlement; and (3) Hillcrest's claims

---

[1] It appears Thomas was terminated as Plaintiffs' counsel in the appeal on July 13, 2023. No. 22-15751, ECF No. 25.

- 2 -

against American Borate were dismissed with prejudice. ECF No. 110. The Court granted the stipulation, except that it denied the request to leave the Renewed Motion for Sanctions pending. Instead, it denied the motion without prejudice to refiling the motion against Amergosa. ECF No. 111. On May 11, 2023, the Ninth Circuit issued an order granting appellant Hillcrest's stipulated motion for voluntary dismissal of the appeal as to appellee American Borate Company. ECF No. 113. On October 11, 2023, the Ninth Circuit dismissed the appeal for failure to prosecute. ECF No. 114.

The Court now addresses the Motion to Withdraw as Attorney.

### III.    MOTION TO WITHDRAW AS ATTORNEY

#### a. Legal Standard

Under the Local Rules of Practice for the District Nevada, an attorney seeking to withdraw after appearing in a case "must file a motion or stipulation and serve it on the affected client and opposing counsel." Local Rule IA 11-6(b). Leave of the Court is required for an attorney to withdraw from a case, and district courts are given considerable deference in making that decision. See id.; see also LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998).

"Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case. Where delay would result, the papers seeking leave of the court for the withdrawal or substitution must request specific relief from the scheduled discovery, trial, or hearing." Local Rule IA 11-6(e).

#### b. Discussion

Thomas, Plaintiff Amergosa's counsel, seeks to withdraw from this matter due to Amergosa's failure to communicate with him despite repeated requests for communication, and they have been warned of his intent to withdraw to no avail. Plaintiff's counsel states that notice of this motion was provided to Amergosa Enterprises via United States mail and via e-mail, and to all counsel via the Court's electronic mail system. Further, the Court has disposed of the material dispute, and Amergosa was aware of any pending motions. Thus, withdrawal can be accomplished without material adverse effects to Amergosa.

The Court finds there is good cause to grant the motion. Amergosa did not file a response

to the Motion to Withdraw, and, other than the pending motion for reconsideration addressed above, there are no other pending motions in this case. Thus, the Court does not find that withdrawal will cause delay of any discovery, a trial, or hearing in the case.

Amergosa, however, cannot proceed pro se in this action as limited liability corporations may only appear in federal court through licensed counsel. See Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). As the case will now be closed with the withdrawal of the Motion to Reconsider, the Court will not require Amergosa to retain new counsel or file a notice of appearance.

Thus, Thomas's motion to withdraw as counsel is granted.

### IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the First Motion to Withdraw as Attorney by Byron E. Thomas, Esq. for Plaintiff Amergosa Enterprise, LLC (ECF No. 91) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED.**

The Clerk of the Court is instructed to close this case.

**DATED:**  March 28, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 4 -